IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

BRENDA Y. JOHNSON,                          )
                                            )
            Plaintiff,                      )
                                            )
      v.                                    )          CV 124-238
                                            )
BURKE COUNTY SHERIFF'S OFFICE and           )
ALFONZO WILLIAMS,                           )
                                            )
            Defendants.                     )

_____

**O R D E R**

_____

Plaintiff commenced the above-captioned employment discrimination case *pro se* and requested permission to proceed *in forma pauperis* ("IFP"). (Doc. no. 2.) Having considered Plaintiff's affidavit of poverty, the Court **GRANTS** her request to proceed IFP. (Doc. no. 5.) If in the future, however, it appears that Plaintiff's financial situation has improved, the Court may act on its own initiative to require her to pay either the entire filing fee or an appropriately determined partial filing fee.

Because she is proceeding IFP, Plaintiff's complaint must be screened to protect potential Defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i) & (ii).

## I.    SCREENING OF THE COMPLAINT

### A.    BACKGROUND

Plaintiff was employed with the Burke County Sheriff's Office ("BCSO") from August 1, 2018, to May 8, 2023.  (Doc. no. 1, p. 4; doc. no. 1-1, p. 1.)  The Complaint names the BCSO and Sheriff Alfonzo Williams as defendants.  (Doc. no. 1, pp. 1-2.)  Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Plaintiff began her employment at BCSO in August 2018 and Sheriff Williams immediately began to sexually harass Plaintiff in the form of "unwanted, highly offensive sexual advances."  (Doc. no. 1-1, p. 1.)  Throughout the course of Plaintiff's employment with BCSO, Sheriff Williams engaged in the following conduct:

> (1) asking [Plaintiff] on numerous occasions to "let [Sheriff Williams] taste [Plaintiff's] vagina and suck on [Plaintiff's] toes;" (2) expressing a desire to ejaculate on [Plaintiff]; (3) asking [Plaintiff] numerous times to "give [Sheriff Williams] some loving;" (4) sending sexually offensive text messages, including "bring [Plaintiff's] pussy to Alabama;" (5) sending [Plaintiff] sexually offensive pictures, including pictures showing the print of [Sheriff Williams'] penis; (6) acts of intimidation, humiliation and retaliation, including, but not limited to, accusations of [Plaintiff] having sex with others, making sexually derogatory statements about [Plaintiff], tracking [Plaintiff's] movements, and assigning [Plaintiff] menial and random tasks after being visibly upset that [Plaintiff] had not consented to his advances; (7) making numerous requests for social calls, dinners and interactions; and (8) other offensive and harassing conduct.

(Id.)  During the nearly four years Plaintiff was employed by BCSO, she was "transferred to a different position anytime Sheriff Williams would get mad or angry with [her] for not taking him up on his sexual advances."  (Id. at 4, see also id. at 1.)  In July 2021, Sheriff Williams put a tracking device on Plaintiff's vehicle and used the device to stalk Plaintiff.  (Id. at 5-6.)  In April 2022, Plaintiff and Sheriff Williams attended a training in Dublin, Georgia, where Sheriff

Williams arranged for them to share one hotel room, which Plaintiff was not comfortable with. (Id. at 5-6.)  Plaintiff remained in uniform and slept in a chair in the hotel room in Dublin.  (Id. at 6.)  In November 2022, Plaintiff and Sheriff Williams attended a one-day training in Statesboro, Georgia.  (Id. at 6.)  Plaintiff expressed her desire to return home the same day, but Sheriff Williams instead booked a single hotel room, pressured Plaintiff to join him in the hotel room for the night, and propositioned Plaintiff.  (Id.)  Plaintiff insisted they return home that day and Sheriff Williams eventually assented and drove them back.  (Id.)

Plaintiff made complaints to BCSO human resources personnel on multiple occasions, but was unwilling to put a statement in writing, so they did nothing to mitigate the sexual harassment.  (Id. at 1.)  Plaintiff was terminated by Sheriff Williams on May 8, 2023.  (Doc. no. 1, p. 4; see also doc. no. 1-1, pp. 3-4.)

Plaintiff filed a charge with the United States Equal Employment Opportunity Commission ("EEOC") in August 2023.  (See doc. no. 1, p. 5; doc. no. 1-1, pp. 23-27.)  The EEOC issued a right to sue notice on September 23, 2024, and Plaintiff timely filed this suit on December 19, 2024.  (Doc. no. 1-1, p. 24.)

Liberally construing Plaintiff's allegations in her favor and granting her the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds Plaintiff has arguably stated viable sexual harassment, discriminatory discharge, and retaliation claims under Title VII of the Civil Rights Act of 1964 against Defendant Sheriff Williams in his official capacity.  See Monaghan v. Worldpay US, Inc., 955 F.3d 855, 861 (11th Cir. 2020) (explaining Title VII sexual harassment claims may be predicated on hostile work environment or adverse employment action allegations); Peters v. HealthSouth of Dothan, Inc., 542 F. App'x 782, 786 (11th Cir. 2013) (per curiam) (outlining discriminatory discharge standards);

<u>Burlington N. & Santa Fe Ry. Co. v. White</u>, 548 U.S. 53 (2006) (outlining retaliation standards). Accordingly, process shall issue as to Defendant Sheriff Williams. In a companion Report and Recommendation, the Court recommends dismissal of Plaintiff's claims against Defendant BCSO and Sheriff Williams in his individual capacity.

## II.    INSTRUCTIONS

**IT IS HEREBY ORDERED** that service of process shall be effected on Defendant Sheriff Williams. The United States Marshal shall mail a copy of the complaint, (doc. no. 1), and this Order by first-class mail and request that Defendant waive formal service of the summons. Fed. R. Civ. P. 4(d). Individual defendants have a duty to avoid unnecessary costs of serving the summons, and if a defendant fails to comply with the request for waiver, the defendant must bear the costs of personal service unless good cause can be shown for failure to return the waiver. Fed. R. Civ. P. 4(d)(2). A defendant whose return of the waiver is timely does not have to answer the complaint until sixty days after the date the Marshal mails the request for waiver. Fed. R. Civ. P. 4(d)(3). However, service must be effected within ninety days of the date of this Order, and the failure to do so may result in the dismissal of any unserved defendant or the entire case. Fed. R. Civ. P. 4(m). Plaintiff is responsible for providing sufficient information for the Marshal to identify and locate Defendant to effect service.

**IT IS FURTHER ORDERED** Plaintiff shall serve upon the Defendant, or upon its defense attorney(s) if appearance has been entered by counsel, a copy of every further pleading or other document submitted to the Court. Plaintiff shall include with the papers to be filed a certificate stating the date a true and correct copy of any document was mailed to the defendant or its counsel. Fed. R. Civ. P. 5; Loc. R. 5.1. Every pleading shall contain a caption setting forth the name of the court, the title of the action, and the file number. Fed. R. Civ. P. 10(a). Any paper

received by a District Judge or Magistrate Judge that has not been properly filed with the Clerk of Court or that fails to include a caption or certificate of service will be returned.

It is Plaintiff's duty to cooperate fully in any discovery that may be initiated by the defendant. Upon being given at least five days notice of the scheduled deposition date, Plaintiff shall appear and permit her deposition to be taken and shall answer, under oath and solemn affirmation, any question that seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, including dismissal of this case. The defendant shall ensure Plaintiff's deposition and any other depositions in the case are taken within the 140-day discovery period allowed by this Court's Local Rules.

While this action is pending, Plaintiff shall immediately inform this Court and opposing counsel of any change of address. Failure to do so will result in dismissal of this case.

Plaintiff must pursue this case; if Plaintiff does not press the case forward, the Court may dismiss it for want of prosecution. Fed. R. Civ. P. 41; Loc. R. 41.1. If Plaintiff wishes to obtain facts and information about the case from the defendant, Plaintiff must initiate discovery. See generally Fed. R. Civ. P. 26 through 37 (containing the rules governing discovery and providing for the basic methods of discovery). Plaintiff should begin discovery promptly and complete it within four months after the filing of the first answer of a defendant named in the complaint screened herein.

Interrogatories are a practical method of discovery for pro se litigants. See Fed. R. Civ. P. 33. Interrogatories shall not contain more than twenty-five questions. Id. Plaintiff must have the Court's permission to propound more than one set of interrogatories to a party. Discovery materials should not be filed routinely with the Clerk of the Court; exceptions include when the

5

Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial. If Plaintiff wishes to file a motion to compel pursuant to Fed. R. Civ. P. 37, he should first contact the attorney for Defendant and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. Loc. R. 26.5.

Plaintiff must maintain a set of records for the case. If papers are lost and new copies are required, these may be obtained from the Clerk of the Court at the standard cost of fifty cents per page.

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve her response to the motion within fourteen days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Loc. R. 7.5. Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that there is no opposition to the defendant's motion and grant the dismissal.

A response to a motion for summary judgment must be filed within twenty-one days after service of the motion. Loc. R. 7.5, 56.1. A failure to respond shall indicate that there is no opposition to the motion. Loc. R. 7.5. Furthermore, each material fact set forth in a defendant's statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. Should a defendant file a motion for summary judgment, Plaintiff is advised that he will have the burden of establishing the existence of a genuine issue as to any material fact in this case. That burden cannot be carried by reliance on the conclusory allegations contained within the complaint. Should a defendant's motion for summary judgment be supported by affidavit, Plaintiff must file counter-affidavits if he desires to contest the defendant's statement of

the facts.  Should Plaintiff fail to file opposing affidavits setting forth specific facts showing that there is a genuine issue for trial, the consequences are these:  any factual assertions made in the defendant's affidavits will be accepted as true and summary judgment will be entered against Plaintiff pursuant to Fed. R. Civ. P. 56.

SO ORDERED this 14th day of January, 2025, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA