IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| BRENDA Y. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 124-238 |
| | ) | |
| BURKE COUNTY SHERIFF'S OFFICE and ALFONZO WILLIAMS, | ) ) | |
| | ) | |
| Defendants. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff commenced the above-captioned employment discrimination case *pro se* and is proceeding *in forma pauperis* ("IFP"). Because she is proceeding IFP, Plaintiff's complaint must be screened to protect potential Defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i) & (ii).

I.   **SCREENING OF THE COMPLAINT**

   A.   **BACKGROUND**

Plaintiff was employed with the Burke County Sheriff's Office ("BCSO") from August 1, 2018, to May 8, 2023. (Doc. no. 1, p. 4; doc. no. 1-1, p. 1.) The Complaint names the BCSO and Sheriff Alfonzo Williams as defendants. (Doc. no. 1, pp. 1-2.) Taking all of

Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Plaintiff began her employment at BCSO in August 2018 and Sheriff Williams immediately began to sexually harass Plaintiff in the form of "unwanted, highly offensive sexual advances." (Doc. no. 1-1, p. 1.) Throughout the course of Plaintiff's employment with BCSO, Sheriff Williams engaged in the following conduct:

> (1) asking [Plaintiff] on numerous occasions to "let [Sheriff Williams] taste [Plaintiff's] vagina and suck on [Plaintiff's] toes;" (2) expressing a desire to ejaculate on [Plaintiff]; (3) asking [Plaintiff] numerous times to "give [Sheriff Williams] some loving;" (4) sending sexually offensive text messages, including "bring [Plaintiff's] pussy to Alabama;" (5) sending [Plaintiff] sexually offensive pictures, including pictures showing the print of [Sheriff Williams'] penis; (6) acts of intimidation, humiliation and retaliation, including, but not limited to, accusations of [Plaintiff] having sex with others, making sexually derogatory statements about [Plaintiff], tracking [Plaintiff's] movements, and assigning [Plaintiff] menial and random tasks after being visibly upset that [Plaintiff] had not consented to his advances; (7) making numerous requests for social calls, dinners and interactions; and (8) other offensive and harassing conduct.

(Id.) During the nearly four years Plaintiff was employed by BCSO, she was "transferred to a different position anytime Sheriff Williams would get mad or angry with [her] for not taking him up on his sexual advances." (Id. at 4, see also id. at 1.) In July 2021, Sheriff Williams put a tracking device on Plaintiff's vehicle and used the device to stalk Plaintiff. (Id. at 5-6.) In April 2022, Plaintiff and Sheriff Williams attended a training in Dublin, Georgia, where Sheriff Williams arranged for them to share one hotel room, which Plaintiff was not comfortable with. (Id. at 5-6.) Plaintiff remained in uniform and slept in a chair in the hotel room in Dublin. (Id. at 6.) In November 2022, Plaintiff and Sheriff Williams attended a one-day training in Statesboro, Georgia. (Id. at 6.) Plaintiff expressed her desire to return home the same day, but Sheriff Williams instead booked a single hotel room,

pressured Plaintiff to join him in the hotel room for the night, and propositioned Plaintiff. (Id.) Plaintiff insisted they return home that day and Sheriff Williams eventually assented and drove them back. (Id.)

Plaintiff made complaints to BCSO human resources personnel on multiple occasions, but was unwilling to put a statement in writing, so they did nothing to mitigate the sexual harassment. (Id. at 1.) Plaintiff was terminated by Sheriff Williams on May 8, 2023. (Doc. no. 1, p. 4; see also doc. no. 1-1, pp. 3-4.)

Plaintiff filed a charge with the United States Equal Employment Opportunity Commission ("EEOC") in August 2023. (See doc. no. 1, p. 5; doc. no. 1-1, pp. 23-27.) The EEOC issued a right to sue notice on September 23, 2024, and Plaintiff timely filed this suit on December 19, 2024. (Doc. no. 1-1, p. 24.)

B. DISCUSSION

1. Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, of if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). Moreover, "[f]ailure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl.

3

Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

    2.    **Plaintiff Fails to State a Claim Against BCSO or Sheriff Williams in His Individual Capacity**

Plaintiff has brought her Title VII claims against BCSO and Sheriff Williams. (See generally doc. no. 5.) However, the relief granted under Title VII is against the employer, not individual employees who violated the Act. Busby v. City of Orlando, 931 F.2d 764, 772 (11th Cir. 1991). Thus, individual capacity suits under Title VII are inappropriate, and the only proper

defendant in a Title VII suit is the employer or supervisory employees in their official capacities as agents of the employer. Id. For the reasons discussed below, the only proper defendant in Plaintiff's Title VII action is Sheriff Williams in his official capacity.

Defendant BCSO is not a proper party because sheriff's departments are not legal entities capable of being sued. See Herrington v. Effingham Cnty. Sheriff's Office, CV 411-099, 2011 WL 2550464, at *1 (S.D. Ga. Apr. 21, 2011) ("However, [Plaintiff] cannot sue the sheriff's department because it is not capable of being sued." (citing Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992), and collecting cases)), *adopted by* 2011 WL 2550459 (S.D. Ga. June 27, 2011); Smith v. Dekalb Ctny. Sheriff's Off., Civil Action No. 109-CV-2820, 2010 WL 308984, at *2 (N.D. Ga. Jan. 22, 2010) (same). Accordingly, BCSO is not capable of being sued and should be dismissed.

Moreover, when a plaintiff alleges violations of Title VII against a Sheriff's Office, courts have held the only proper defendant is the sheriff in their official capacity. See Ramsay v. Broward Cnty. Sheriff's Off., 303 F. App'x 761, 763 n.1 (11th Cir. 2008) (*per curiam*) ("The proper defendant is Al Lamberti, in his official capacity as Sheriff of the Broward County Sheriff's Office."); Martin v. Peach Cnty., Ga., No. 5:10-CV-236, 2011 WL 4830176, at *6 (M.D. Ga. Oct. 12, 2011) ("Sheriff Deese in his official capacity, and no other entity, is Martin's employer for Title VII purposes."); Hart v. Edwards, No. 3:07-CV-64, 2009 WL 691069, at *6 (M.D. Ga. Mar. 11, 2009) ("[A] county sheriff represents the sheriff's office and therefore, Sheriff Edwards, in his official capacity, is the proper employer."). To the extent Plaintiff names Sheriff Williams in his individual capacity, such claims should be dismissed because individual capacity suits under Title VII are inappropriate. Busby, 931 F.2d at 772.

II.  **CONCLUSION**

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's claims against Burke County Sheriff's Office, as well as all individual capacity claims against Sheriff Williams, be **DISMISSED** for failure to state a claim upon which relief may be granted. In a companion Order, the Court allows Plaintiff's claims against Sheriff Williams in his official capacity to proceed.

SO REPORTED AND RECOMMENDED this 14th day of January, 2025, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA